UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID JIMENEZ,

    Plaintiff,

v.                                                   Case No. 8:22-cv-1789-WFJ-JSS

SECRETARY, DEPARTMENT
OF CORRECTIONS, *et al.*,

    Defendants.
_____/

**ORDER**

Mr. Jimenez, a former Florida prisoner, initiated this action by filing a civil rights complaint (Doc. 1), two motions to supplement the complaint (Docs. 3, 4), and a motion to proceed *in forma pauperis* (Doc. 2). He sues the Secretary for the Florida Department of Corrections, and the Warden at Lawtey Correctional Institution. The Court has undertaken a preliminary screening of the complaint and supplements in accord with 28 U.S.C. § 1915(e)(2). After doing so, the Court has determined that the complaint must be dismissed.

First, the complaint and supplements are rambling and essentially incomprehensible. To the extent the Court can understand them, Mr. Jimenez seeks compensatory and punitive damages because: 1) while he was incarcerated, he was denied access to the courts in 2014, 2016, 2017, 2018, and 2019; and 2) the convictions for which he was sentenced and incarcerated were unconstitutional. The

facts, however, are vague and insufficient to state a claim under 42 U.S.C. § 1983 for violation of a constitutional right.[1]

Second, Mr. Jimenez alleges he was denied access to the courts in 2014, 2016, 2017, 2018, and 2019. Constitutional claims brought under § 1983 "are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *Powell v. Thomas*, 643 F.3d 1300, 1303 (11th Cir.2011). Florida has a four-year statute of limitations for personal injury actions. Accordingly, at least some claims would be barred by the statute of limitations.

Third, given that Mr. Jimenez does not plausibly allege that Defendants personally participated in any alleged constitutional violation, the Court construes his action as a suit against them in their official capacities. A suit against a government official in his official capacity is a suit against the entity of which the officer is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Therefore, Mr. Jimenez's claims against Defendants are properly analyzed as a suit against the Department of Corrections.

---

[1] In any § 1983 action, the initial inquiry must focus on whether two essential elements are present:

(1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.

*Duke v. Massey*, 87 F.3d 1226, 1231 (11th Cir. 1996) (citations omitted).

The Eleventh Amendment provides that: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. "The Amendment not only bars suits against a state by citizens of another state, but also applies equally to suits against a state initiated by that state's own citizens." *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999), *cert. denied*, 529 U.S. 1012 (2000).

While the text of the amendment does not explicitly so provide, the Supreme Court has held that the Eleventh Amendment serves as a jurisdictional bar to a suit against a state in federal court unless: (1) the state has explicitly consented to suit, thus waiving its sovereign immunity; or (2) Congress has specifically abrogated a state's Eleventh Amendment immunity. *Seminole Tribe of Florida v. Florida*, 517 U.S. 444 (1996). In *Zatler v. Wainwright*, the Eleventh Circuit found that Congress did not intend to abrogate a state's Eleventh Amendment immunity in § 1983 damage suits, and Florida has not waived its sovereign immunity in such suits. 802 F.2d 397, 400 (11th Cir. 1986) (finding that the Secretary of Florida Department of Corrections was immune from suit in his official capacity where the § 1983 complaint alleged that prison officials failed to protect prisoner from sexual assault) (citing *Gamble v. Fla. Dep't of Health and Rehab. Servs.*, 779 F.2d 1509, 1513-20 (11th Cir. 1986) (dismissing

3

§ 1983 complaint for lack of jurisdiction upon finding that Florida has not waived its Eleventh Amendment sovereign immunity)). "It is clear ... that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984) (citations omitted).

Finally, the law is well settled that, absent several limited exceptions, the Eleventh Amendment is an absolute bar to suit for monetary damages by an individual against a state or its agencies, or against officers or employees of the state or its agencies in their official capacities. *Edelman v. Jordan*, 415 U.S. 651 (1974); *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139. 145-46 (1993); *Seminole Tribe of Florida*, 517 U.S. at 58; *Carr v. City of Florence*, 916 F.2d 1521, 1524 (11th Cir. 1990). Based on the foregoing, the claims against Defendants are due to be dismissed.

Fourth and finally, to the extent Mr. Jimenez alleges his constitutional rights were violated during the criminal proceedings and by the resulting incarceration, his claim for monetary damages is barred by the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). The *Heck* decision requires a plaintiff in a § 1983 action attempting "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," to show that his conviction, sentence, or other criminal judgment

was reversed, expunged, declared invalid by an appropriate state tribunal, or called into question in a federal court's issuance of a writ of habeas corpus. *Id*. at 486–87. If a plaintiff fails to make this showing, then no cause of action under § 1983 exists. *Id*. at 489.

The complaint and supplements fail to allege that the convictions or sentences have been reversed, expunged, declared invalid by an appropriate state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Therefore, Mr. Jimenez's claim must be dismissed because the Court is without jurisdiction under *Heck*.

Accordingly, the complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim on which relief may be granted and because it seeks monetary relief against defendants immune from such relief. The **Clerk** shall terminate any pending motions as moot and close this case.

ORDERED in Tampa, Florida, on August 15, 2022.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copy to: David Jimenez, *pro se*